UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **MARINA FLAKE,** individually and on behalf of others similarly situated individuals and on behalf of the Proposed Rule 23 Class,<br><br>Plaintiff,<br>vs.<br><br>**BEACON HOME CARE**,<br><br>Defendant. | Civil Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff, Marina Flake, individually and on behalf of the Fair Labor Standards Act ("FLSA") Collective Class and the Proposed Colorado Rule 23 Class ("Rule 23 Class"), by and through undersigned counsel, brings this Collective and Class Action Complaint against Defendant Beacon Homecare ("Defendant"), for unpaid wages under the FLSA, 29 U.S.C. § 201 *et seq*., the Colorado Wage Act (the "CWA"), C.R.S. § 8-4-101 *et seq*., and the Colorado Minimum Wage Order Number 31 (the "MWO"), 7 CCR 1103-1. Plaintiff states the following as claims against Defendant:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq*.

2. Plaintiff also brings this action on behalf of herself and all other similarly situated Rule 23 class members to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Colorado Wage Act, C.R.S. §

8-4-101 *et seq*. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("MWO").

## PARTIES

### *Plaintiff*

3. Plaintiff Marina Flake is an adult resident of the city of Colorado Springs, El Paso County, Colorado.

4. From December 2018 to Present, Plaintiff has been directly employed by Defendant as an hourly paid Personal Care Provider / Homemaker in and around the city of Colorado Springs, El Paso County, Colorado.

5. Plaintiff and members FLSA Collective and the Rule 23 Class are current hourly-paid home health care workers, with other job titles performing similar job duties, directly employed by Defendant in Colorado. These other job titles may include but are not limited to: Personal Care Provider / Homemaker.

### *Defendant*

6. Defendant is a Colorado corporation with its principal place of business located at 1450 South Havana Street, Unit 707, Aurora, CO, 80012.

7. Defendant is a healthcare services company that employs home health care workers to provide its customers with in-home personal care and management and/or treatment of a variety of medical and nonmedical conditions.

## JURISDICTIONS AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq*. and attendant regulations at 29 C.F.R. § 516 *et seq*. This Court also has subject-matter

jurisdiction over Plaintiff's Collective Action FLSA claim under 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9. This Court has supplemental jurisdiction over the Colorado state law wage and hour class under 28 U.S.C. § 1367 because all Colorado claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant operates facilities in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

### THE FLSA COVERS DOMESTIC SERVICE EMPLOYEES

11. The FLSA stands as a broad expression of Congressional policy that employers must treat workers fairly in the workplace. That includes a statutory minimum wage and mandatory overtime pay provisions, and it is backed up by a private right of action that employees can assert against employers.

12. The overtime provisions are at issue in this case.

13. Covered employers—those subject to the FLSA's reach—must pay overtime to each employee unless they can show that the employee is exempt from FLSA coverage.

14. Exemption from coverage is determined on an employee-by-employee basis, and the burden is on the employer to justify any claimed exemption.

15. In 1974, Congress extended the FLSA's coverage to "domestic service employees." 29 U.S.C. § 202(a), 206(f), 207 (l); *see also* 78 Fed. Reg. 60,454, 60,457 (Oct. 1,

3

2013) (explaining statutory and regulatory scheme).

16. In extending the FLSA to cover domestic service employees, however, Congress exempted "any employee employed . . . to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15).

17. These employees included "'elder sitters[,],' whose primary responsibility was to watch over an elderly person . . . in the same manner that a babysitter watches over children." 78 Fed. Reg. at 60,454 (citing 110 Cong. Rec. S24773, S24801)).

18. Historically, employers like the Defendant have improperly relied on the "companionship services" exemption to avoid paying overtime to home health aides like the Plaintiff.

19. The regulations implementing the statutory "companionship services" exemption more specifically define which employees may be exempt. "Companionship services" was intended to cover "'fellowship, care, and protection,' which included 'household work . . . such as meal preparation, bed making, washing of clothes, and other similar services' and could include general household work not exceeding '20 percent of the total weekly hours worked.'" 29 CFR § 552.6 (former); *see also* 78 Fed. Reg. at 60,457.

20. Accordingly, even before the new 2015 regulations came into effect, and still today, any worker who provided "companionship services" but also performed general household work in excess of 20% of total weekly output was not an exempt worker and thus received the benefit of the FLSA's protections.

**CONGRESS EXPANDS THE FLSA TO COVER HOME HEALTH AIDES**

21. In October 2013, the Department of Labor issued a final rule ("the 2015 regulations"), substantially revising the regulations implementing the FLSA's statutory

4

exemptions. 78 Fed. Reg. 60,454 (Oct. 1, 2013).

22. That rule states: "This regulation is effective January 1, 2015."

23. In the 2015 regulations, the Department of Labor noted the changing character of today's labor force and the increasingly corporatized nature of companionship service provision. 78 Fed. Reg. at 60,455. The Department noted:

> As more individuals receive services at home rather than in nursing homes or other institutions, workers who provide home care services, referred to as ''direct care workers'' in this Final Rule but employed under titles including certified nursing assistants, home health aides, personal care aides, and caregivers, perform increasingly skilled duties. Today, direct care workers are for the most part not the elder sitters that Congress envisioned when it enacted the companionship services exemption in 1974, but are instead professional caregivers.

24. The Department also noted that "[d]espite this professionalization of home care work, many direct care workers . . . have been excluded from the minimum wage and overtime protections of the FLSA," and that the lack of such protections "harms direct care workers, who depend on wages for their livelihood," "as well as the individuals receiving services and their families, who depend on a professional, trained workforce to provide high-quality services." Id.

25. Based on these findings, the 2015 regulations extended overtime and minimum wage protections to workers employed as home health aides. Specifically, employees providing medically-related services to individuals are not exempt from the FLSA's protections.

26. The 2015 regulations now state that "companionship services" as defined in the statute, 29 U.S.C. § 213(a)(15), "does not include services relating to the care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse." 29 CFR § 552.6.

27. Section 552.6, thus, means that home health aides are no longer exempt from the FLSA's coverage.

5

**THIRD-PARTY AGENCIES ARE SUBJECT TO SPECIAL RULES**

28. The 2015 regulations included a new provision, 29 CFR § 552.109, which affected third-party employers' obligations under the FLSA.

29. Section 552.109(a) states: "Third party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption . . . ."

30. Thus, as of the 2015 regulations, a third-party employer could not exempt its employees from any FLSA coverage.

31. Further, section 552.109(c) states that third-party employers cannot assert an overtime exemption even as to live-in employees.

32. This rule requires employers to track the hours an employee works each day and week, among other things.

33. Section 552.110(b) provides: "In the case of an employee who resides on the premises, records of the actual hours worked are not required," but this provision "does not apply to third party employers."

34. The Department of Labor explained that the rule reads this way "[b]ecause of the concern that all hours worked are not being fully captured." 78 Fed. Reg. 60,454, 60477.

**COLORADO WAGE LAWS COVERS DOMESTIC SERVICE EMPLOYEES**

35. The MWO covers employers such as Defendant who operate any business or enterprise engaged in medical, dental, surgical, or other health services including but not limited to home health care. 7 CCR 1103-1 § 1, 2(D).

36. The MWO requires covered employers such as Defendant to compensate all nonexempt employees, at a rate of not less than one and one-half times their regular rate of pay,

6

for work performed in excess of forty (40) hours per workweek or 12 hours per workday. 7 CCR 1103-1 § 4; *see also Kennett v. Bayada Home Health Care, Inc.*, 135 F.Supp.3d 1232 (D. Colo. 2015). Colorado never had a "companionship services" exemption like the FLSA had prior to 2015 and employers were required to pay its domestic services employee overtime pay.

## PLAINTIFF'S WORK EXPERIENCE

37. Defendant employed Plaintiff as a Personal Care Provider / Homemaker.

38. During her employment, Plaintiff regularly worked more than 40 hours a week in the homes of her employers' clients.

39. Plaintiff provided medically-related services to her clients, such as personal hygiene and toilet care.

40. Plaintiff also provided cleaning, cooking, errand, transportation and companionship services for her clients.

41. Defendant, at all times during her employment, paid Plaintiff only at straight time, with no premium for overtime, despite her working well over 40 hours a week.

42. For example, her March 2019 paystub[1] is as follows:



---

[1] Redacted.

7

## FLSA AND COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and also as a collective action under pursuant to 29 U.S.C. § 216(b). The FLSA collective class consists of:

**FLSA COLLECTIVE CLASS**: All current and former Home Care as Personal Care Providers / Homemakers, or other job titles performing similar job duties, that provided in-home domestic services at any time from three years prior to the commencement of this action through its completion.

44. Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were paid overtime at the proper legal rate for each hour worked over 40 hours in a workweek.

45. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., is applicable to the Defendant and its protections apply to the Plaintiff.

46. The Defendant is an "employer" under the FLSA. 29 U.S.C. § 203(d).

47. Plaintiff is an "employee" of the Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

48. The Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA. 29 U.S.C. § 203(g).

49. The Plaintiff is covered under "individual coverage" under the FLSA, 29 U.S.C. § 207(a)(1), because she is a person engaged in the interstate commerce of providing health services.

50. The Defendant has engaged in interstate commerce or in the production of goods for commerce.

51. The Defendant makes more than $500,000 in annual gross sales and has more than two employees not related to the family of the owner.

52. 29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policy of not paying their employees overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

53. Upon information and belief, there are numerous other similarly situated current and former employees who performed uncompensated overtime hours in violation of FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

54. Plaintiff shares the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

**COLORADO WAGE AND CLASS ACTION ALLEGATIONS**

55. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Colorado Rules of Civil Procedure. The Rule 23 Class is defined as follows:

**Rule 23 Class:** All current and former Personal Care Providers / Homemakers, or other job titles performing similar job duties, that provided in-home domestic services at any time from three years prior to the commencement of this action through its completion.

56. Plaintiff and the Rule 23 Class were or are Defendant's employees within the meaning of the CWA, C.R.S. § 8-4-101(5), and the MWO, 7 CCR 1103-1 § 2.

57. Defendant is, or was, the employer of Plaintiff within the meaning of the CWA, C.R.S. § 8-4-101(6), and the MWO, 7 CCR 1103-1 § 2.

58. The MWO requires covered employers such as Defendant to compensate all nonexempt employees, at a rate of not less than one and one-half times their regular rate of pay, for work performed in excess of forty (40) hours per workweek or 12 hours per workday. 7 CCR 1103-1 § 4; *see also Kennett v. Bayada Home Health Care, Inc.*, 135 F.Supp.3d 1232 (D. Colo. 2015).

59. Plaintiff and the Rule 23 Class regularly worked more than 40 hours per workweek or 10 to 12 hours per workday in the homes of Defendant's clients, providing clients with domestic services which included but were not limited to: meal preparation and service; cleaning rooms; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; doing errands outside of the home; attending medical and other appointments; maintaining personal hygiene; and conducting mobility exercises.

60. Defendant paid Plaintiff and the Rule 23 Class their regular hourly rates (i.e., "straight time") for the overtime hours they worked, rather than the legally required rate of one and one-half times their regular rate of pay.

61. As a home health care company operating in Colorado, Defendant was or should have been aware that Plaintiff and the Rule 23 Class performed work that required proper

payment of overtime at a rate of not less than one and one-half times their regular rate of pay.

62. Defendant's conduct as alleged was willful and not in a good faith effort to comply with the CWA and the MWO.

63. The individuals in the Rule 23 Class are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiff believes that the class as defined includes over 100 members and is readily identifiable from Defendant's payroll records. Plaintiff and members of the Rule 23 Class have been equally affected by Defendant's violations of Colorado law.

64. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to whether Defendant unlawfully failed to pay proper overtime premiums, whether Defendant willfully violated Colorado law, the proper measure of damages sustained by class members, and whether Defendant should be enjoined from such violations in the future.

65. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff, like the Rule 23 Class, has suffered harm due to Defendant's common and systematic failure to pay proper overtime premiums for all hours worked in excess of forty (40) hours per workweek in violation of Colorado law.

66. Plaintiff will fully and adequately protect the interests of the Class. Plaintiff has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

67. This action is maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying

adjudications with respect to individual members of the Rule 23 Class which would establish incompatible standards of conduct for Defendant.

68. This action is maintainable as a class action because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

69. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by Rule 23 of the Colorado Rules of Civil Procedure.

## COUNT 1: VIOLATION OF THE FLSA'S OVERTIME PROVISIONS

70. The FLSA requires an employer to pay employees a premium overtime rate of one and a half times regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

71. After January 1, 2015, the companionship services exemption was no longer available to third-party agencies like the Defendant. 29 CFR § 552.109(a).

72. Accordingly, the Plaintiff is not exempt from the FLSA's coverage for overtime.

73. Despite the changes in the regulations, however, the Defendant paid Plaintiff and those similarly situated to her, only straight time, not the FLSA's mandated overtime pay, for each workweek where she works over 40 hours.

74. Accordingly, the Defendant has violated the Fair Labor Standards Act and are liable for damages as set out in 29 U.S.C. § 216(b).

75. The Defendant's FLSA violations were knowing and willful within the meaning of the statute, 29 U.S.C. § 255.

76. The Defendant's FLSA violations are also continuing, i.e., its illegal pay policy

has not changed and continues forward to this day.

77. The Defendant's FLSA violations were committed against the Plaintiff as well as the collective action class she intends to represent.

78. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney fees and costs.

Accordingly, Plaintiff demands, on behalf of herself and the collective action class:

- Certification of these claims as a collective action under 29 U.S.C. § 216(b);
- Back wages in the amount of one-half their regular rate of pay;
- Liquidated Damages;
- Attorney Fees and costs of prosecuting this action; and
- Pre-judgment and post-judgment interest.

### COUNT 2: VIOLATION OF COLORADO WAGE LAWS

79. The CWA, C.R.S. § 8-4-103(1) (a), requires employers to pay all wages or compensation earned by an employee in any employment, for regular pay periods of no greater duration than one calendar month or thirty days, whichever one is longer, or on regular paydays no later than ten days following the close of each pay period unless the employer and the employee mutually agree on any other alternative period of wage or salary payments.

80. The MWO, 7 CCR1103-1 § 4, requires employers to pay overtime compensation to all non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek or 12 hours per workday.

81. Defendant routinely suffered and permitted Plaintiff and the Rule 23 Class to work more than 40 hours per workweek or 12 hours per workday without receiving the legally

mandated overtime premiums at a rate of not less than one and one-half times their regular rate of pay.

82. Defendant's actions, policies, and practices as described herein violate the CWA and MWO by failing to compensate Plaintiff and the Rule 23 Class for all of their overtime hours worked at the proper overtime rate. As the direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

83. As the direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff and the Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

Accordingly, Plaintiff demands, on behalf of herself and the Rule Class:

- Certification of these claims as a class under Fed. R. Civ. P. 23;
- Designation of the Plaintiff as class representative;
- Damages for their unpaid overtime wages;
- Penalties equal to 175% of any unpaid wages;
- Attorney Fees and costs of prosecuting this action; and
- Pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective and Rule 23 Class, prays for the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying the Rule 23 Class under Rule 23 of the Federal Rules of Civil Procedure; Case

1:16-cv-02370

c. Designating Plaintiff as the Class Representative;

d. Appointing Brown, LLC as Collective and Class Counsel;

e. Declaring that Defendant willfully violated its obligations under the FLSA;

f. Declaring that Defendant willfully violated its obligations under the CWA and MWO;

g. Judgement that Plaintiff and the FLSA Collective and Rule 23 Class are non-exempt employees entitled to protection under the FLSA, CWA and MWO;

h. Judgment against Defendant for an amount equal to Plaintiff's and the Rule 23 Class' unpaid overtime wages owed at the applicable overtime rate calculated at the rate of one and one-half times their regular rate of pay;

i. For an award of liquidated damages, penalties and prejudgment interest;

j. For an award of reasonable attorneys' fees and costs incurred in prosecuting this action;

k. For an order enjoining Defendant from continuing its unlawful pay practices; and

l. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable in this action.

RESPECTFULLY SUBMITTED,

Dated: April 30, 2019          By:   s/ *Jason T. Brown*
                                     Jason T. Brown
                                     Nicholas R. Conlon
                                     **BROWN, LLC**
                                     111 Town Square Place, Suite 400
                                     Jersey City, NJ 07310
                                     T: (877) 561-0000
                                     F: (855) 582-5297
                                     jtb@jtblawgroup.com

15

nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*