IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01254–KMT

MARINA FLAKE, individually and on behalf of other similarly situated individuals and on behalf of the Proposed Rule 23 Class,

    Plaintiff,

v.

BEACON HOME CARE,

    Defendant.

## ORDER

This matter is before the court on the parties' "Stipulation of Dismissal with Prejudice," filed on May 6, 2020. [Doc. No. 44.]

This case was filed as both a collective and class action, pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23, on behalf of Plaintiff and other similarly situated caregivers against Defendant, for violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and the Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO"). [Doc. No. 1.] On July 9, 2019, this court approved the parties' Stipulation for Conditional Certification, pursuant to 29 U.S.C. §216(b), on the terms stated in the stipulation, and permitted the parties to proceed with notice to potential collective members on the FLSA portion of the claims. [Doc. Nos. 18, 27.] Several individuals filed "Consent to Join" forms for inclusion in the collective. [Doc. Nos. 31-38, 41.]

Certification of a class, pursuant to Rule 23, on the state law claims was never sought. Therefore, the only Plaintiff bringing state law claims under the CWA and the CMWO on the facts set forth in the Complaint is Marina Flake. Marina Flake has the right, with consent of Defendant, to seek dismissal of her own state law claims. Fed. R. Civ. P. 41(a)(1)(ii).

The parties have now jointly moved to dismiss the case, in its entirety, with prejudice. They have not submitted a Settlement Agreement with respect to the FLSA collective claims; however, they have indicated in their Stipulation of Dismissal with Prejudice that a settlement agreement was "entered into by the parties on May 1, 2020," and that there will be settlement funds to be distributed. [Doc. No. 44.]

In *Lee v. Best Budz LLC*, No. 19-CV-02430-KMT, 2019 WL 5964966 (D. Colo. Nov. 12, 2019), this court joined ranks with other courts in this District, in holding that court approval of settlement agreements is not required by 29 U.S.C. § 216. *See, e.g., Fails v. Pathway Leasing LLC*, No. 18-cv-00308, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018); *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, ECF No. 132 (D. Colo. Jan. 9, 2017) ("nothing in the text of the FLSA expressly requires court review and approval of settlements"); *see also Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1116 (D. Colo. 2017) (explaining that, in light of the "increased autonomy that plaintiffs in [an FLSA] 'collective action' have," courts "have begun to question whether settlements of 'collective action' claims should require court approval, or whether they should be treated as would a settlement in any other action with multiple plaintiffs.")

Therefore, the court accepts and grants the "Stipulation of Dismissal With Prejudice." [Doc. No. 44].  It is **ORDERED** that this case is **DISMISSED WITH PREJUDICE** and the Clerk of Court shall close the case.

Dated May 11, 2020.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge